UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY L. SENSTAD,<br><br>        Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:23-cv-02930-DAD-DMC (SS)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING THIS CASE TO DEFENDANT COMMISSIONER<br><br>(Doc. Nos. 8, 10, 17) |

      Plaintiff Amy L. Senstad, proceeding with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits and supplemental security income under the Social Security Act. (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

      On March 26, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgment in her favor (Doc. No. 8) be denied, that the defendant Commissioner's cross-motion for summary judgment (Doc. No. 10) be granted, and that defendant's decision denying plaintiff's application for benefits be affirmed. (Doc. No. 17 at 12.)  Specifically, the magistrate judge concluded that the administrative law

1

1  judge ("ALJ") provided specific, clear and convincing reasons for discounting plaintiff's

2  testimony, and that the ALJ did not commit reversible error in finding that plaintiff could perform

3  the job of display designer as that job is generally performed. (*Id.* at 9–11.) Accordingly, the

4  magistrate judge concluded that the ALJ did not err in finding that plaintiff was not disabled from

5  the date of March 15, 2020 to the date of the ALJ's decision. (*Id.*; Doc. No. 6-1 at 37.)

6      Those findings and recommendations were served on the parties and contained notice that

7  any objections thereto were to be filed within fourteen (14) days after service. (Doc. No. 17 at

8  12.) Plaintiff timely filed her objections thereto on April 9, 2025. (Doc. No. 18.) Defendant did

9  not file a response to plaintiff's objections.

10      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a

11  *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

12  objections, the court declines to adopt the pending findings and recommendations.

13      In her objections, plaintiff argues that the ALJ failed to provide specific, clear and

14  convincing reasons for discounting her testimony regarding her subjective symptoms and

15  limitations. (*Id.* at 2–9.) Plaintiff also argues that the ALJ failed to perform the required

16  activities of daily living analysis and erred in evaluating the opinion of the vocational expert who

17  identified a job that plaintiff could perform only by mischaracterizing the nature of the identified

18  job as described in the Directory of Occupational Titles. (*Id.* at 9–13.) As will be explained

19  below, the court finds plaintiff's first argument presented in her objections to be persuasive.

20  Because the court concludes that the ALJ erred by failing to provide specific, clear and

21  convincing reasons for discounting plaintiff's testimony regarding her symptoms and pain, the

22  court need not consider plaintiff's other arguments.

23      The ALJ summarized plaintiff's subjective testimony as follows:

24  
> The claimant alleged disability due to pain in her right elbow and
> right wrist, as well as swelling in her fingers and pain in her
25  
> shoulders. She claimed that at times, she cannot lift her arms to even
> comb her hair. . . . The claimant indicated that the pain in her right
26  
> dominant upper extremity feels like a deep throbbing ache in the
> elbow, and a sharp, stabbing pain if moved in certain ways, and she
27  
> takes medications every day for the pain, although she indicated it is
> fine when standing and the elbow is straight down. She claimed she
28  
> is unable to bend her wrist backwards or forwards, and her fingers

> are swollen, jammed, and dislocate if they are touched in certain ways, which is especially bad for the thumbs. She claimed that if she tries to work on the computer, she can ignore her pain for a little while, but in less than an hour her upper extremities stiffen up, and the pain is throbbing.
>
> * * *
>
> The claimant also testified that from October through December 2022, she could only limp, and at some point, she needed help from strangers to get to transportation because she could no longer walk. She claimed she is very unstable, her gait is not proper, and standing becomes tiring very quickly, such that she can stand only 15-20 minutes at the most before she must sit down, and she must constantly hold onto something for balance. . . . She also stated that she has problems brushing her teeth, combing her hair, getting dressed, and no longer uses knives due to problems with her hands and shoulders. . . . She claimed this has caused anxiety, and impacts her ability to be calm or focus, and it is her pain that is involved in triggering her depression and anxiety. . . . However, as noted, the claimant also testified that she travelled to Switzerland in July 2022 for 7-8 days to do some design work for Disney and she went there in November and December 2022 for almost 3 weeks to supervise the installation (Testimony).

(Doc. No. 6-1 at 30–31.) In support of her testimony, plaintiff also provided a third-party statement from a friend who claimed that claimant "experiences a lot of pain, fatigues easily, and [] is not able to do any tasks that requires [sic] lifting, twisting, or kneeling." (*Id.* at 31.)

An ALJ must employ a two-step test to "determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Id.* at 1014–15 (internal citations and quotation marks omitted); *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (same).

At the first step of the applicable test, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Doc.

3

No. 6-1 at 32.) However, at the second step, the ALJ found that "the claimant's (and third-party) statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*) The ALJ proceeded to describe plaintiff's medical history and treatment history. (*Id.* at 32–35.) The ALJ did not identify what specific testimony, if any, was discredited by this recitation. Rather, the ALJ simply stated in conclusory fashion that "[t]he above evidence suggests the claimant's symptoms and limitations are not as severe as she alleged." (*Id.* at 35.)

In her motion for summary judgment, plaintiff argues that the ALJ merely summarized the medical evidence at issue and made a conclusory declaration.[1] (Doc. No. 8-1 at 5.) Specifically, plaintiff contends that the ALJ was required to identify the specific testimony which was inconsistent or undercut by the medical history and that the ALJ failed to do so. (*Id.*) In defendant's cross-motion for summary judgment, defendant contends that the ALJ discounted plaintiff's testimony for several reasons, namely inconsistencies between her testimony and her medical record, treatment history, and daily activities. (Doc. No. 10 at 3–6.) Defendant responds to plaintiff by arguing that plaintiff does not "require an ALJ to use magic words when providing reasons for rejecting evidence." (*Id.* at 5.)

"A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotation marks and citations omitted). "This requires the ALJ to specifically identify the testimony [from a claimant]

---

[1] Neither party contests that the ALJ concluded at the first step that plaintiff's impairments could reasonably be expected to produce her symptoms. The parties also do not contest that there was no affirmative evidence of malingering submitted. *Garrison*, 759 F.3d at 1014 (specifying that the ALJ proceeds to the second step of analysis if the first step is satisfied and the claimant offers no evidence of malingering); *see also Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) ("[The clear and convincing] standard does not apply when there is affirmative evidence of malingering.") Accordingly, the court addresses plaintiff's argument that the ALJ erred at the second step.

4

she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (alterations in original) (internal quotation marks and citation omitted).

Here, the ALJ employed boilerplate language in stating that:

> The subjective statements about the intensity, persistence, and limiting effects of the claimant's symptoms, are not fully consistent with the objective medical evidence, as the allegations are simply not completely borne out by the objective examinations and treatment history, which does do [sic] not persuasively support greater limitations.

(Doc. No. 6-1 at 32.) The ALJ merely summarized plaintiff's medical history for several pages. (*Id.* at 32–35.) The Ninth Circuit has specifically held that such boilerplate language followed by a recitation of medical history is insufficient to meet the clear and convincing reasons standard, observing as follows:

> The ALJ noted generically that "the claimant's statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision." But this boilerplate statement by way of introductory remark, which is routinely included in ALJ decisions denying benefits, did not identify what parts of the claimant's testimony were not credible and why.

*Lambert*, 980 F.3d at 1277 (internal quotation marks and citation omitted). The Ninth Circuit and district courts within the circuit have consistently found that boilerplate, conclusory language near-identical to the ALJ's statement here does not satisfy the clear and convincing reasons standard. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (finding a generic statement that "the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not credible to the extent that they are inconsistent" with other evidence was insufficient); *Jones v. O'Malley*, No. 23-16136, 2024 WL 3963835, at *1 (9th Cir. 2024) (reversing and remanding the district court where the ALJ failed to state what testimony was not credible and what evidence would support that finding)[2]; *Cracolici v. O'Malley*, No. 23-cv-02768-EJD, 2024 WL 3873980, at *3 (N.D. Cal. Aug. 16, 2024) (a

---

[2] Citation to this unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

summary of medical evidence without tying that evidence to specific testimony and a boilerplate statement that the "claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence" was insufficient); *M.M. v. O'Malley*, 732 F. Supp. 3d 1126, 1132–33 (N.D. Cal. 2024) (the ALJ's discussion of the relevant medical evidence was insufficient where it did not "identify any specific inconsistencies" between the claimant's testimony and the medical evidence); *Jenett S. v. Kijakazi*, No. 22-cv-03217-JSC, 2023 WL 3082332, at *6 (N.D. Cal. Apr. 25, 2023) (the ALJ's boilerplate conclusory rationale that the claimant's statements were not "entirely consistent with the medical evidence" was insufficient); *Maria P.C.A. v. Saul*, No. 2:20-cv-04888-JC, 2021 WL 1225956, at *4 (C.D. Cal. Apr. 1, 2021) (offering only general assertions that the plaintiff's statements were "not entirely consistent" or "not fully consistent" with the medical evidence was insufficient); *cf. Bennett v. Colvin*, 202 F. Supp. 3d 1119, 1132 (N.D. Cal. 2016) (the ALJ's additional summarizing paragraph which explained that "the claimant has not generally received the type of medical treatment one would expect" was sufficient to provide clear and convincing reasons to discount the claimant's statements).

      Indeed, courts in this district, including the undersigned, have regularly found remand to be required where the ALJ states a boilerplate conclusion and simply summarized the medical evidence of record in rejecting a plaintiff's testimony. *See, e.g.*, *Sanders v. Comm'r of Soc. Sec.*, No. 1:21-cv-00204-DAD-BAM, 2024 WL 1641035, at *2–3 (E.D. Cal. Apr. 16, 2024) (finding that the ALJ had failed to provide specific, clear, and convincing reasons to discount the plaintiff's testimony); *Bellucci v. Kijakzi*, No. 2:20-cv-01684-JDP, 2022 WL 4537988, at *3 (E.D. Cal. Sept. 28, 2022) (finding that the ALJ had failed to provide clear and convincing reasons to discount the plaintiff's testimony where "she simply summarized the evidence" and reached her conclusion "without elaboration"); *Campos v. O'Malley*, No. 1:23-cv-00940-KJM-BAM, 2024 WL 4012015, at *4 (E.D. Cal. Aug. 30, 2024) ("The ALJ's summary of the medical evidence is not the same as providing a specific, clear[,] and convincing reason for discounting Plaintiff's testimony."), *report and recommendation adopted*, 2024 WL 4495285 (E.D. Cal. Oct. 15, 2024).

Defendant attempts to identify several points where plaintiff's testimony did contradict the medical record. (Doc. No. 10 at 3–6.) Notably, defendant does not cite to an instance where the ALJ compared plaintiff's testimony to the evidence to identify any inconsistencies. (*Id.*) This is likely because at no point did the ALJ engage in such analysis. The court cannot rely upon defendant's identification of such inconsistencies without the ALJ providing that analysis. *See Christopher J. v. Comm'r of Soc. Sec.*, No. 24-cv-00349-GPC-MSB, 2025 WL 967123, at *13 (S.D. Cal. Mar. 27, 2025) (finding that the ALJ erred by failing to provide clear and convincing reasons to reject subjective testimony and noting that the defendant cited "primarily to the administrative record rather than pointing out where the ALJ identified testimony"); *Maria P.C.A.*, 2021 WL 1225956, at *4 (discounting the defendant's argument that the ALJ's finding was "adequately supported" by the record where the ALJ only offered conclusory statements).

The pending findings and recommendations found that the ALJ cited to plaintiff's reports to her doctor about her brief international trips. (Doc. No. 17 at 9.) However, the ALJ also did not identify any specific testimony that these reports would contradict. (Doc. No. 6-1 at 34–35.) While there may be some testimony which is contradicted by such reports, the Ninth Circuit has held that a district court errs when it relies on inconsistencies that it independently identifies:

> Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, "We are constrained to review the reasons that the ALJ asserts." Thus, the inconsistencies identified independently by the district court cannot provide the basis upon which we can affirm the ALJ's decision.

*Brown-Hunter*, 806 F.3d at 494; *see also Torrez v. Comm'r of Soc. Sec.*, No. 1:21-cv-00671-CDB, 2025 WL 297774, at *8 (E.D. Cal. Jan. 24, 2025) ("While the Court may be able to draw inferences about what testimony may be inconsistent, the ALJ must identify those inconsistencies with specificity.").

Accordingly, the court concludes that the ALJ failed to provide specific, clear and convincing reasons for discounting plaintiff's testimony regarding her subjective pain and limitations.

/////

7

"Because the ALJ did not provide enough reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence, we cannot treat the error as harmless." *Lambert*, 980 F.3d at 1278 (internal quotation marks omitted) (quoting *Treichler*, 775 F.3d at 1103). Plaintiff requests that the matter be remanded to the ALJ for a *de novo* hearing and does not request an award of benefits from this court. (Doc. No. 8-1 at 11.) Therefore, the matter will be remanded for further proceedings on an open record. *Treichler*, 775 F.3d at 1105 (noting that the proper approach when the ALJ fails to provide clear and convincing reasons for discounting testimony is to remand the case to the ALJ without precluding the reopening of the hearing to receive additional evidence).

For the reasons explained above,

1. The court declines to adopt the findings and recommendations issued on March 26, 2025 (Doc. No. 17);
2. Plaintiff's motion for summary judgment (Doc. No. 8) is GRANTED;
3. Defendant's cross-motion for summary judgment (Doc. No. 10) is DENIED;
4. This case is remanded to the Commissioner for further proceedings consistent with this order; and
5. The Clerk of the Court is directed to enter judgment in favor of plaintiff and close this case.

IT IS SO ORDERED.

Dated:  **June 24, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

8